1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                  SOUTHERN DISTRICT OF CALIFORNIA
10

11   MARTINEZ KELLEY,                    Case No.:  19-CV-1602-GPC-BLM
12                       Petitioner,      **ORDER:**
13
14   v.                                   **(1) GRANTING PETITIONER'S
                                          MOTION FOR LEAVE TO
15   STATE OF CALIFORNIA SUPREME          PROCEED IN FORMA PAUPERIS,
     COURT,                               AND**
16
17                       Defendant.       **(2) DISMISSING PETITIONER'S
                                          ACTION WITH PREJUDICE.**
18

19        On August 26, 2019, Petitioner Martinez Kelley ("Petitioner"), proceeding pro se,

20   filed an action against the California Supreme Court. (ECF No. 1.) Petitioner seeks an

21   order, directing the California Supreme Court to provide reasons for summarily denying

22   his accusations of misconduct against an attorney. (*Id.*) On August 26, 2019, Petitioner

23   also filed a motion to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a).

24   (ECF No. 2.) For the following reasons, the Court **GRANTS** Petitioner's motion to

25   proceed IFP, but **DISMISSES** Petitioner's action with prejudice.

26   **I.     Background.**

27        Petitioner alleges an attorney is guilty of misconduct under § 6128 of the

28   California Business and Professions Code. (ECF No. 1 at 2–3.). Petitioner claims

                                          1

1  "attorney Winters committed deciet [sic], collusion, with intent to decieve [sic] his client

2  and the military tribunal with willfull [sic] delays to his own gain[.]" (*Id.* at 3.) Petitioner

3  reported these accusations to the California State Bar, but according to Petitioner, the

4  California State Bar had "nothing . . . to say about it." (*Id.*) Petitioner then filed an action

5  in the California Supreme Court, requesting review of the California State Bar's

6  response. (*Id.*) Petitioner alleged the California State Bar "violated his United States

7  constitutional rights." (*Id.*)

8        On June 12, 2019, the California Supreme Court summarily denied Petitioner's

9  request for judicial review. (*Id.* at 7.) Petitioner sought to appeal the California Supreme

10  Court's summary denial. (*Id.* at 6.) On July 22, 2019, the Clerk of the California Supreme

11  Court informed Petitioner that the "order denying [Petitioner's] Accusation Against an

12  Attorney on June 12, 2019, . . . was final forthwith and may not be reconsidered." (*Id.*)

13  The Clerk further stated that, pursuant to California law, the California Supreme Court

14  "does not state reasons for the denial of petitions brought before it." (*Id.*) The Clerk

15  explained that a case "does not become a cause in the Supreme Court unless [it] grant[s]

16  review or issue[s] an order to show cause." (*Id.*) Consequently, "the court's conferences

17  are not recorded or transcribed and the court does not write opinions or otherwise give

18  reasons for its decisions in these matters." (*Id.*)

19        Petitioner has now filed an action in this Court, requesting an order to "direct the

20  State of California to provide reason for their allowing the United States constitutional

21  violations[.]" (*Id.* at 5.) Petitioner also seeks to proceed IFP. (ECF No. 2, Affidavit.)

22  **II.  Discussion.**

23      **A. Petitioner May Proceed IFP.**

24        A petitioner instituting any civil action, suit, or proceeding in federal district court

25  must pay a $350 filing fee and a $50 administrative fee. 28 U.S.C. § 1914. However, a

26  federal district court may waive the filing and administrative fees by granting the

27  petitioner leave to proceed IFP. 28 U.S.C. § 1915(a)(1). To proceed IFP, a petitioner must

28  submit an affidavit that includes a statement of all assets and demonstrates an inability to

1  pay the filing fee. 28 U.S.C. § 1915(a); *see also* Local Civ. R. 3.2. The affidavit is

2  "sufficient where it alleges that the [petitioner] cannot pay the court costs and still afford

3  the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015)

4  (citation omitted). "The granting or refusing of permission to proceed [IFP] is a matter

5  committed to the sound discretion of the district court." *Skelly v. U.S. Dep't of Educ.*, No.

6  19-CV-1812-GPC, 2019 WL 6840398, at *2 (S.D. Cal. Dec. 16, 2019) (quoting *Smart v.*

7  *Heinze*, 347 F.2d 114, 116 (9th Cir. 1965)).

8  　　　Petitioner has filed an affidavit explaining his financial circumstances under

9  penalty of perjury. (ECF No. 2.) Petitioner indicates he is not employed, has not received

10  any income within the past twelve months, does not own any assets, and has not filed an

11  income tax return in over three years. (*Id.* at 2.) The affidavit also generally complies

12  with Local Civ. R. 3.2. (*Id.* at 1.) In light of these affirmations, Petitioner's affidavit

13  "sufficiently shows that he lacks the financial resources to pay filing fees." *See Dillard v.*

14  *So*, No. 12-CV-2958-BTM, 2013 WL 4857692, at *1 (S.D. Cal. Sept. 11, 2013).

15  　　**B.  The Petition Fails Under 28 U.S.C. § 1915(e)(2).**

16  　　　A motion proceeding IFP "shall" be dismissed if the action "(i) is frivolous or

17  malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks

18  monetary relief against a defendant who is immune from such relief." 28 U.S.C. §

19  1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (noting that 28 U.S.C.

20  § 1915(e)(2)(B) is not limited to prisoners). The Court interprets pleadings filed by pro se

21  litigants "liberally." *Draper v. Rosario*, 836 F.3d 1072, 1080 (9th Cir. 2016).

22  　　　For the following reasons, the Court finds that Petitioner's claims are frivolous,

23  and that the Petition fails to state a claim for which relief can be granted.

24  　　**1.　A Writ of Mandamus Cannot be Directed at a State Court.**

25  　　　Here, Petitioner seeks a writ of mandamus compelling the California Supreme

26  Court to provide an explanation for its decision. (ECF No. 1 at 5.) Petitioner misconstrues

27  the Court's power to issue a writ of mandamus.

28  　　　The All Writs Act, codified at 28 U.S.C. § 1651(a), provides that "[t]he Supreme

3

1    Court and all courts established by Act of Congress may issue all writs necessary or

2    appropriate in aid of their respective jurisdictions and agreeable to the usages and

3    principles of law." 28 U.S.C. § 1361, in turn, provides that "district courts shall have

4    original jurisdiction of any action in the nature of mandamus to compel an officer or

5    employee of the United States or any agency thereof to perform a duty owed to the

6    plaintiff." The Supreme Court of California, however, is not an officer or employee of the

7    United States nor its agency. Consequently, "the federal mandamus statute does not

8    provide a jurisdictional basis for this action" and thus "the All Writs Act may not be

9    invoked in aid of it." *Shaheen v. California Supreme Court*, No. C 02-5308 SI, 2002 WL

10   31928502, at *2 (N.D. Cal. Dec. 27, 2002).

11           In other words, Petitioner's request that the Court order a writ of mandamus

12   directing the California Supreme Court to take a specific "action is frivolous as a matter

13   of law," *Demos v. U.S. District Court*, 925 F.2d 1160, 1161–62 (9th Cir. 1991), because

14   "federal courts are without power to issue writs of mandamus to direct state courts or

15   their judicial officers in the performance of their duties." *Clark v. State of Wash.*, 366

16   F.2d 678, 681 (9th Cir. 1966); *accord Shapiro v. Santa Clara Cty. Superior Court*, 321 F.

17   App'x 686 (9th Cir. 2009); *Trevino v. California*, No. 19-CV-08200-PJH, 2020 WL

18   554004, at *1 (N.D. Cal. Feb. 4, 2020); *Robinson v. California Bd. of Prison Terms*, 997

19   F. Supp. 1303, 1308 (C.D. Cal. 1998).

20                       **2.    Petitioner Fails to State a § 1983 Claim.**

21           Petitioner also fails to state a claim with respect to 42 U.S.C. § 1983. (*See* ECF No.

22   1, Civil Cover Sheet (citing § 1983.))

23           In reviewing a claim under 28 U.S.C. § 1915(e)(2)(B), the Court applies the

24   Federal Rule of Civil Procedure 12(b)(6) standard. *See Barren v. Harrington*, 152 F.3rd

25   1193, 1194 (9th Cir. 1998). Under that standard, a court must "take as true all allegations

26   of material fact . . . and construe them in the light most favorable to the [petitioner]."

27   *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (citation omitted). The factual

28   allegations need only "state a claim to relief that is plausible on its face." *Malibu Textiles,*

1   *Inc. v. Label Lane Int'l, Inc.*, 922 F.3d 946, 951 (citing *Bell Atl. Corp. v. Twombly*, 550

2   U.S. 544, 555 (2007)). A claim to relief is plausible on its face if "the [petitioner] pleads

3   factual content that allows the court to draw the reasonable inference that the defendant is

4   liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

5   Conclusory legal statements alone, however, do not suffice. *Id.*

6        Section 1983 provides a cause of action for the "deprivation of any rights,

7   privileges, or immunities secured by the Constitution and laws" of the United States. 42

8   U.S.C. § 1983. A § 1983 claim has "two essential elements: (1) that a right secured by the

9   Constitution or laws of the United States was violated, and (2) that the alleged violation

10   was committed by a person acting under the color of State law." *Long v. Cty. of Los*

11   *Angeles*, 442 F.3d 1178. 1185 (9th Cir. 2006). Here, Petitioner's action fails because

12   Petitioner does not identify or explain what constitutional right was violated by the

13   California Supreme Court's decision to summarily deny his petition.

14        In addition, "[j]udges are immune from civil liability in section 1983 actions for

15   acts performed in their judicial capacities." *Sherman v. Babbitt*, 772 F.2d 1476, 1477 (9th

16   Cir. 1985). Here, the California Supreme Court was acting in its judicial capacity by

17   issuing an opinion, however brief. Therefore, it is "entitled to judicial immunity." *Id.* at

18   1478; *see also Rodriguez v. Lilienthal*, 15 F.3d 1089 (9th Cir. 1993) (affirming dismissal

19   of § 1983 claim against a judge premised on the fact that he presided over a lawsuit).

20        **C. Further Amendment Would Be Futile.**

21        "A pro se litigant must be given leave to amend his or her complaint, and some

22   notice of its deficiencies, unless it is absolutely clear that the deficiencies of the

23   complaint could not be cured by amendment." *Cato v. United States*, 70 F.3d 1103, 1106

24   (9th Cir. 1995) (citing *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987)). This case

25   presents one such instance where amendment would be futile.

26        To proceed in federal court, Petitioner must be able to demonstrate "an injury in

27   fact, that is fairly traceable to the challenged conduct of the defendant, and that is likely

28   to be redressed by a favorable judicial decision." *M.S. v. Brown*, 902 F.3d 1076, 1083

1   (9th Cir. 2018). And, "there is no redressability if a federal court lacks the power to issue

2   . . . relief" that would remedy Petitioner's claimed injury. *Id.* (citing *Republic of Marshall*

3   *Islands v. United States*, 865 F.3d 1187, 1199 (9th Cir. 2017)).

4        Here, the Court lacks the authority to grant Plaintiff's sought-after relief, i.e., a writ

5   of mandamus compelling state court action, because the writ does not extend to state

6   courts, and because judges are immune from suit under §1983. Consequently, any

7   amendment would be futile because Plaintiff's alleged injury cannot be redressed.

8   **III.   Conclusion.**

9        For the foregoing reasons, the Court **GRANTS** Petitioner's motion to proceed IFP

10  pursuant to 28 U.S.C. § 1915(a), and **DISMISSES** the Petition with prejudice as it raises

11  a "frivolous" request and "fails to state a claim for which relief can be granted" under 28

12  U.S.C. § 1915(e)(2).

13       **IT IS SO ORDERED.**

14       Dated:  May 15, 2020

Hon. Gonzalo P. Curiel
United States District Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6

19-CV-1602-GPC-BLM